**In The United States District Court
For The Southern District of Iowa
Eastern Division**

| | |
|---|---|
| Gregory Apel,<br><br>  Plaintiff,<br><br>v.<br><br>T-Mobile USA, Inc.,<br><br>  Defendant. | Civil Action No. 3:24-cv-00098<br><br>Notice of Removal |

Defendant T-Mobile USA, Inc. ("T-Mobile") files its Notice of Removal:

1. Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, T-Mobile hereby provides notice of removal to this Court of the civil action originally filed in the Iowa District Court for Johnson County on October 8, 2024.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Petition at Law and Jury Demand alleges actual, substantial, and disputed issues of federal law. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

3. T-Mobile reserves the right to assert any defenses and/or objections to which it may be entitled. As grounds for removal of this action, T-Mobile states:

## THE STATE COURT ACTION

4. On October 8, 2024, Plaintiff Gregory Apel ("Plaintiff") filed a Petition at Law and Jury Demand (the "Complaint") in the Iowa District Court for Johnson County, captioned *Gregory Apel v. T-Mobile USA, Inc.*, with local case no. LACV085738 (the "State Court

Action"). Pursuant to 28 U.S.C. § 1446(a) and LR 81, true and correct copies of the Complaint and all "process, pleadings, and orders filed in the state court" are attached hereto.

5. Plaintiff served the Summons and Complaint on T-Mobile on November 22, 2024. Thus, pursuant to 28 U.S.C. § 1446(b)(2)(B), T-Mobile's Notice of Removal is timely because it is filed within thirty (30) days after service of the Summons and Complaint upon T-Mobile.

6. In the Complaint, Plaintiff alleges that he is a customer of Verizon and that his phone number was "ported" or transferred to T-Mobile without his authorization. Compl. ¶¶ 6, 9-10. Plaintiff further alleges that the unauthorized port allowed a criminal to gain access to Plaintiff's Coinbase account and transfer cryptocurrency out of the account. *Id.*, ¶¶ 11, 16.

7. Plaintiff asserts a claim pursuant to 18 U.S.C. § 2511, the Electronic Communications Privacy Act. Compl. ¶¶ 18-25.

8. Based on Plaintiff's allegations in his Complaint, removal of the State Court Action to this Court is proper in accordance with 28 U.S.C. §§ 1331, 1332(a), and 1441.

## **FEDERAL QUESTION JURISDICTION**

9. This action qualifies for removal based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10. As set forth in 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

11. Plaintiff's Complaint sets forth claims expressly based on purported violations of the Electronic Communications Privacy Act., 18 U.S.C. § 2511. Compl. ¶¶ 18-25.

12. Plaintiff's claims therefore raise actual, substantial, and disputed issues of federal law which this forum may entertain without disturbing any congressionally approved balance of federal and state power.

## DIVERSITY JURISDICTION

13. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

14. Both requirements of 28 U.S.C. § 1332 are satisfied here.

15. *First*, complete diversity of citizenship exists between the parties. The Complaint alleges that Plaintiff is a resident of Coralville, Iowa. Compl. ¶ 1. Accordingly, on information and belief, Plaintiff is a citizen of Iowa. T-Mobile is a Delaware corporation that has its principal place of business in Bellevue, Washington. Compl. ¶ 2. Accordingly, T-Mobile is a citizen of Delaware and Washington. *See Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).

16. *Second*, the amount in controversy requirement is satisfied because Plaintiff's Complaint puts more than $75,000 at issue. Plaintiff alleges that he lost $469,541.98 in cryptocurrency. Compl. ¶¶ 5, 16, 20, 26.

## PROCEDURAL REQUIREMENTS

17. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Iowa is the proper venue for this matter.

18. In accordance with 28 U.S.C. §§ 1441, 1446, and LR 81, the following exhibits are attached hereto and incorporated by reference herein for review:

   a. **Exhibit 1:** Application for Admission Pro Hac Vice of Marvin Lim;

   b. **Exhibit 2:** Original Notice;

    c. **Exhibit 3:** Petition at Law and Jury Demand;

    d. **Exhibit 4:** Order granting Motion for Admission Pro Hac Vice;

    e. **Exhibit 5:** Affidavit of Service on T-Mobile;

    f. **Exhibit 6:** Notice of Appearance of Jeff Stone; and

    g. **Exhibit 7:** Notice of Civil Trial-Setting Conference

19. Counsel who have appeared in the State Court Action are:

Kirsten H. Frey  
Shuttleworth & Ingersoll, P.L.C.  
327 Second Street, Ste. 300  
Coralville, Iowa 52241  
Phone: (319) 365-9461  
Fax: (319) 365-8443  
Email: khf@shuttleworthlaw.com  
*Attorney for Plaintiff*

Jeffrey A. Stone  
Simmons Perrine Moyer Bergman PLC  
115 Third Street, S.E., Suite 1200  
Cedar Rapids, Iowa 52401-1266  
Phone: (319) 366-7641  
Fax: (319) 366-1917  
Email: jstone@simmonsperrine.com  
*Attorney for Defendant*

Marvin Lim (admitted *pro hac vice*)  
Holcomb + Ward LLP  
3455 Peachtree Road, NE  
Suite 400  
Atlanta, Georgia 30326  
Phone: (404) 601-2803  
Fax: (404) 393-1554  
Email: marvin@holcombward.com  
*Attorney for Plaintiff*

20. This Notice of Removal is signed in accordance with Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

21. Concurrently herewith, and pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being filed in the Iowa District Court for Johnson County and served on Plaintiff.

22. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of T-Mobile's rights to assert any defense or affirmative matter, including

but not limited to: (1) failure to state a claim; or (2) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

    **WHEREFORE**, T-Mobile respectfully requests that this action be removed from the Iowa District Court for Johnson County and that this Court take jurisdiction over further proceedings.

Dated: December 23, 2024        SIMMONS PERRINE MOYER BERGMAN PLC

    /s/ Jeffrey A. Stone
    Jeffrey A. Stone AT0008829
    115 3rd Street SE, Suite 1200
    Cedar Rapids, Iowa 52401
    Phone: (319) 896-4029
    Fax: (319) 366-1917
    Email: jstone@simmonsperrine.com

    James H. Moon (*pro hac vice to be submitted*)
    DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, Suite 2400
    Los Angeles, California 90017
    Phone: (213) 633-6819
    Email: jamesmoon@dwt.com

    Rebecca Tingey (*pro hac vice to be submitted*)
    DAVIS WRIGHT TREMAINE LLP
    1251 Avenue of the Americas, 21st Floor
    New York, New York 10020-1104
    Phone: (212) 402-4013
    Email: rebeccatingey@dwt.com

    *Attorneys for Defendant T-Mobile USA, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Notice of Removal has been electronically filed in the Court's CM/ECF system and has been served by email on all counsel of record this 23rd day of December, 2024.

        /s/Jeffrey A. Stone