IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| GREGORY APEL,<br><br>       Plaintiff,<br>v.<br><br>T-MOBILE USA, INC.,<br><br>       Defendant. | Case No. _____<br><br>**PETITION AT LAW AND JURY DEMAND** |

COMES NOW, Gregory Apel ("Plaintiff" or "Apel"), by attorneys Holcomb + Ward, LLP, complaining of T-Mobile USA, Inc. ("Defendant" or "T-Mobile"), alleges as follows:

### PARTIES

1. Plaintiff Gregory Apel is, and was at all relevant times, a resident of Coralville, Iowa.

2. Defendant T-Mobile USA, Inc. is, and was at all relevant times, a Delaware corporation, with its principal place of business in Bellevue, Washington, and with substantial business contact with customers, such as Plaintiff, in Iowa.

### JURISDICTION AND VENUE

3. Jurisdiction before this Court is appropriate, under Iowa Code § 617.3.

4. Venue before this Court is appropriate, under Iowa Code §§ 616.8, 616.18.

### FACTS

5. As a direct result of T-Mobile USA Inc's actions – without Apel's permission, porting his phone number to another, unknown, unauthorized person, Apel lost $469,541.98 in assets.

**EXHIBIT 3**

E-FILED  2024 OCT 08 2:36 PM JOHNSON - CLERK OF DISTRICT COURT

6. On March 2, 2023, Apel's phone stopped working around 3:30 P.M. Eastern Standard Time (EST). A Verizon customer, and at the time in Florida, Apel went around 4:00 P.M. to the Verizon store in Marco Island, Florida.

7. A Verizon store associate informed Apel that his phone number – (XXX) XXX-5200 – did not exist. Apel informed the associate that he had been with Verizon for decades and had had the same phone number the whole time.

8. The associate then called the Verizon administration, Denise Rohm, at his company Hodge Construction in Iowa City, Iowa, Apel's home state.

9. Ms. Rohm, who confirmed that Apel's phone had disappeared from the company Verizon account, then called the Verizon account representative, Justin White, then subsequently spent several hours with Verizon's Tier 1 and 2 Porting Departments. Ultimately, Verizon stated that Apel's phone number had been removed through an "unauthorized port" and that Verizon would investigate the problem.

10. Later that same day, a Verizon account representative contacted Ms. Rohm and stated "Your 5200 number was ported to T-Mobile by someone I don't know. Friday, hopefully your old phone number will be ported back to Verizon."

11. On information and belief, the phone number was ported on March 22, 2023 between 9:21 A.M. (EST), when a Coinbase verification code was sent to Apel's phone, and 10:07 A.M. (EST) on the same day, when a transfer was made out of Apel's Coinbase account.

12. No Unique Porting Code (UPC) was ever generated by Apel, nor did Apel request T-Mobile or any other actor that such UPC be generated.

13. On March 23, 2023, Verizon informed Apel that the new service provider – T-Mobile – would have had to initiate the port.

14. On information and belief, T-Mobile failed to follow its internal policies for porting numbers.

15. As a direct result of T-Mobile's unauthorized porting of the number Apel had had for years, confirmation codes for a wire transfer within Apel's Coinbase account were sent to an unauthorized person who, at the time, had the (XXX) XXX-5200 number.

16. Ultimately, an unauthorized person accessed and transferred $469,541.98 of Apel's cryptocurrency assets to this unauthorized person – all a direct result of T-Mobile's actions.

## COUNT ONE
### 18 U.S.C. § 2511 (ELECTRONIC COMMUNICATIONS PRIVACY ACT OF 1986)

17. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 13 of this Complaint.

18. 47 U.S.C. § 222 prohibits any person, without from disclosing to any other person the contents of any wire, oral, or electronic communications, when one has reason to know that the information was obtained in violation of this law, including when there was no consent of one of the parties to the communication.

19. T-Mobile's unauthorized access and ultimate porting of Apel's numbers to an unauthorized person necessarily amounts to an unauthorized disclosure of Apel's communications, specifically communications and information therein necessary to port the number itself.

20. T-Mobile's actions directly and proximately caused the loss of $469,541.98 in Apel's financial assets, and thus Apel seeks that amount in compensatory damages, plus interest.

## COUNT TWO
## NEGLIGENCE

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through of this Complaint.

22. 47 U.S.C. § 222 mandates that telecommunications carriers protects he confidentiality of proprietary information, "including telecommunication carriers reselling telecommunications services provided by a telecommunications carrier," and that "[e]xcept as required by law or with the approval of the customer, a telecommunications carrier that receives or obtains customer proprietary network information by virtue of its provision of a telecommunications service shall only use, disclose, or permit access to individually identifiable customer proprietary network information in its provision."

23. T-Mobile's unauthorized access and ultimate porting of Apel's numbers to a person Apel did not authorize amounts to an unauthorized access and disclosure of his individually identifiable customer proprietary network information, including information necessary to port the number itself.

24. T-Mobile's failed as well, on information and belief, to follow its own internal procedures regarding porting of numbers.

25. T-Mobile's violation of this federal statute adds further support that T-Mobile breached a critical duty to Apel.

26. T-Mobile's actions directly and proximately caused the loss of $469,541.98 in Apel's financial assets, and thus Apel seeks that amount in compensatory damages, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Compensatory damages in the amount of $469,541.98; and

2. Interest; and

3. Any other and further relief this Court may deem just and proper under the circumstances.

_____
KIRSTEN H. FREY        AT0002699
SHUTTLEWORTH & INGERSOLL, P.L.C.
327 Second Street, Ste. 300
Coralville, IA 52241
PHONE:  (319) 365-9461
FAX:  (319) 365-8443
E-MAIL:  khf@shuttleworthlaw.com
ATTORNEY FOR PETITIONER